UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**TEREASA FLANAGAN,**

        **Plaintiff,**

**v.**                                                                                          **Case No:  6:19-cv-01286-DCI**

**COMMISSIONER OF SOCIAL
SECURITY,**

        **Defendant.**

**MEMORANDUM OF DECISION**

Tereasa Flanagan (Claimant) appeals to the District Court from a final decision of the Commissioner of Social Security (the Commissioner) denying her application for disability insurance benefits and supplemental social security income. Doc. 1. Claimant argues that the Administrative Law Judge (ALJ) erred because the record does not support the reasons that the ALJ offered for finding Claimant's testimony about her symptoms unreliable. Doc. 17 at 21. For the reasons set forth below, it is **ORDERED** that the Commissioner's final decision is **AFFIRMED**.

**I.     The ALJ's Decision**

On January 12, 2016, Claimant applied for disability insurance benefits and supplemental security income alleging an onset date of February 9, 2015. R. 258–65. The claims were denied initially and upon reconsideration. R. 104–71. On August 18, 2016, Claimant requested a hearing before an ALJ (*see* R. 189–90); on August 30, 2018, the ALJ conducted a hearing. R. 45–85. On September 17, 2018, the ALJ issued a decision finding Claimant not disabled. R. 7–22. In the decision, the ALJ found that Claimant had the following severe impairments: disorders of the

spine/degenerative disc disease and major dysfunction of joints.[1]  R. 12.  The ALJ found that Claimant did not have an impairment that meets or medically equals the severity of one of the listed impairments.  R. 15.

The ALJ found that Claimant had a residual functional capacity (RFC) to perform light work as defined by 20 C.F.R. §§ 404.1567(b) and 416.967(b) with some additional limitations.[2]  Specifically, the ALJ found as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform less than the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b).  The claimant can lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently.  The claimant can sit, stand, and walk six hours in an eight-hour day with normal breaks.  The claimant cannot climb ladders, ropes, or scaffolds, but can occasionally stoop, crouch, crawl, kneel, and climb ramps or stairs.  The claimant should avoid concentrated exposure to hazards, including machinery and heights, and vibrations.  The claimant would need to alternate positions (sit, stand, walk) at will.  The claimant is limited to occasional use of the right upper extremity for reaching and handling.

R. 15.  The ALJ posed a hypothetical question to the vocational expert (VE) related to the foregoing RFC determination, and the VE testified that Claimant was capable of performing as an egg candler or ticket seller, jobs that exist in the national economy.  R. 75–79.  The ALJ found that

---

[1] The ALJ also noted that Claimant had the following non-severe impairments: sleep apnea, mild central vestibular dysfunction, peripheral vestibular dysfunction involving the left lateral semicircular canal, and adjustment disorder with anxiety.  R. 13.  The ALJ explained that these impairments did not have more than a minimal effect on Claimant's ability to perform work-related activities for twelve continuous months.  *Id.*  However, the ALJ noted that the residual functional capacity (RFC) reflected the degree of limitation the ALJ found in the "paragraph B" mental function analysis.  R. 15.

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."  20 C.F.R. § 404.1567(b).

2

Claimant was capable of making a successful adjustment to other work that exists in significant numbers in the national economy and concluded that Claimant was not disabled from the alleged onset date through the date of the decision. R. 21.

Claimant requested Appeals Council review of this decision (R. 255–57); the Appeals Council denied Claimant's request. R. 1–6. On July 12, 2019, Claimant filed a complaint requesting that the Court remand the case for further proceedings. Doc. 1 (the Complaint).

## II.     Standard of Review

"In Social Security appeals, [the court] must determine whether the Commissioner's decision is 'supported by substantial evidence and based on proper legal standards.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and it must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The district court "'may not decide the facts anew, reweigh the evidence, or

substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

### III. Discussion

Claimant argues that the ALJ erred in finding Claimant's testimony about her symptoms unreliable. Doc. 17 at 21. The Commissioner argues that the ALJ properly considered Claimant's subjective statements in assessing Claimant's RFC. *Id.* at 29. For the reasons stated herein, the Court finds that the Commissioner's final decision is due to be affirmed.

A claimant may establish "disability through his own testimony of pain or other subjective symptoms." *Dyer*, 395 F.3d 1210. A claimant seeking to establish disability through the claimant's own testimony must show:

> (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). If the ALJ determines that the claimant has a medically determinable impairment that could reasonably produce the claimant's alleged pain or other symptoms, the ALJ must then evaluate the extent to which the intensity and persistence of those symptoms limit the claimant's ability to work. 20 C.F.R. § 404.1529(c)(1). In doing so, the ALJ considers a variety of evidence, including, but not limited to, the claimant's history, the medical signs and laboratory findings, the claimant's statements, medical source opinions, and other evidence of how the pain affects the claimant's daily activities and ability to work. *Id*. at § 404.1529(c)(1)-(3). "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Foote*, 67 F.3d at 1561-62. The Court will not disturb a clearly articulated credibility finding that is supported by substantial evidence. *Id*. at 1562.

Here, Claimant provided testimony concerning the intensity, persistence, and limiting effects of the symptoms of Claimant's impairments in this case. R. 49–73. Claimant testified to limitations more severe than those reflected in the RFC. *Compare* R. 49–73 *with* R. 15. In evaluating Claimant's testimony, the ALJ stated:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision. . . .
>
> [T]he undersigned finds that the evidence of record does not establish that the claimant's impairments prevent her from performing work in accordance with the residual functional capacity assessment. The medical evidence does not indicate that spinal surgery has been recommended, nor has shoulder surgery. Physical examination findings, detailed above, are not work preclusive. She does not require an assistive device for ambulation. The claimant's neurologist indicated that she would be capable of light work. She indicated that her treatment regimen at PRC Associates made her symptoms tolerable without medication side effects. She reported improvement with therapy. As to her daily activities, she was able to prepare meals, shop, drive, tend to her personal care, perform household chores with her son, pick weeds, provide care for her mentally disabled son, and read (testimony; Exhibit B8F). The undersigned finds that her allegations are inconsistent with the evidence of record.

R. 16. Thus, the ALJ stated that the first prong of the "pain standard" is satisfied by the evidence of Claimant's medically determinable impairments and then stated that neither the second nor third prong is satisfied because the effects of Claimant's symptoms were not as intense, persistent, or limiting as Claimant testified. *Id.*

The ALJ articulated seven grounds for finding Claimant's testimony to be inconsistent with the record: 1) neither spinal surgery nor shoulder surgery was recommended; 2) the physical examination findings of Claimant were not "work preclusive;" 3) Claimant did not require an assistive device for ambulation; 4) Claimant's neurologist indicated that she was capable of light work; 5) Claimant indicated that her treatment regimen at PRC Associates made her symptoms

5

tolerable without medication side effects; 6) Claimant reported improvement with therapy; and 7) Claimant's daily activities were inconsistent with the alleged intensity, persistence, and limiting effects of her symptoms. *Id.*

The Court finds that the reasons articulated by the ALJ in support of his credibility determination are supported by substantial evidence, including the medical evidence of record concerning the nature of Claimant's symptoms and Claimant's statements concerning her daily activities, such as preparing her own meals, shopping, driving, tending to her personal care, performing household chores with her son, and taking care of her mentally disabled son. This evidence is, as the ALJ found, inconsistent with Claimant's testimony concerning her limitations. Thus, the undersigned finds that the ALJ articulated good cause in finding Claimant's testimony not entirely credible and that the ALJ's reasons are supported by substantial evidence. *See Foote*, 67 F.3d at 156162 (reviewing court will not disturb credibility finding with sufficient evidentiary support).

The Court is not persuaded by Claimant's arguments to the contrary. But as an initial matter, Claimant does not challenge the one of the seven bases articulated by the ALJ—that Claimant did not require an assistive device for ambulation—making that basis of the ALJ's decision without challenge. *See, e.g.*, *Jacobus v. Comm'r of Soc. Sec.*, 664 F. Appx. 774, 777 (11th Cir. 2016).

Three of Claimant's arguments are—at base—requests that the Court reweigh the evidence and find that it preponderates in favor of Claimant. Of course, the court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)). The question before the Court is whether the ALJ's decision is

supported by substantial evidence, not whether the Court believes the evidence preponderates for or against Claimant's position or that of the Commissioner. Specifically, Claimant argues that the ALJ did not explain his finding that Claimant's physical examinations were not work preclusive and that the record contains evidence of physical examinations that supports Claimant's testimony. But in discussing Claimant's testimony regarding her symptoms, the ALJ discussed substantial record evidence describing: Claimant's lack of deficits in sensation and muscle/motor strength (R. 16, 564); Claimant's normal to antalgic gait (R. 17, 18, 19, 535, 540, 547, 637, 670, 683, 707); the degree of Claimant's limitations in motion (R. 16, 17, 18, 19, 547, 540–43, 637, 683, 707, 771); Claimant's grip strength (R. 17, 540); Claimant's lack of difficulty with tandem walking and only slight difficulty walking on her heels (*Id.*); and Claimant's hip, knee, and ankle stability (R. 18, 637). Claimant also argues that the notes from PRC Associates support rather than contradict Claimant's complaints of pain. R. 22, 26. While Claimant correctly states that Claimant's pain levels stayed between five and seven on a scale from one to ten throughout Claimant's visits to PRC associates (*see* Doc. 17 at 26 (citing R. 562, 674, 682, 688, 696, 702, 710, 716, 720, 724, 728, 732, 742, 758, 763), the evidence of record from PRC Associates is also consistent with the ALJ's statement that Claimant's "treatment regimen at PRC Associates made her symptoms tolerable without medical side effects." R. 19, 684. Therefore, the ALJ's statements regarding the tolerability of Claimant's symptoms and lack of medical side effects from PRC Associates' treatment regimen is supported by substantial evidence. R. 19, 684. In addition, Claimant argues that the ALJ overstated the inconsistency between Claimant's testimony about her limitations and Claimant's daily activities. Doc. 17 at 22, 27. The ALJ is permitted to consider Claimant's daily activities, among other factors, when evaluating the nature and severity of Claimant's impairments and related symptoms. 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i); *see, e.g.*, *Dyer v.*

*Barnhart*, 395 F.3d 1206, 1212 (11th Cir. 2005); *Macia v. Bowen*, 829 F.2d 1009, 1012 (11th Cir. 1987). The ALJ noted that Claimant was able to prepare meals, shop, drive, tend to her personal care, perform household chores with her son, pick weeds, provide care for her mentally disabled son, and read. R. 19 (citing R. 49–73, 532–36). Claimant argues that the meals Claimant prepared were usually limited to things like sandwiches or frozen dinners when she was not having "a good day or night" (Doc. 17 at 27–28 (citing R. 316)), Claimant's household chores and gardening were limited by pain (*Id.* at 28 (citing R. 316–17)), and Claimant's son was self-sufficient with respect to his personal needs and had to help Claimant feed herself and get around the house when it was difficult to walk (*Id.* (citing R. 61)). Despite Claimant's identification of evidence that may preponderate against the ALJ's decision, the Court will not reweigh the evidence anew, and, instead, the Court finds that the evidence cited by the ALJ constitutes substantial evidence in support of the ALJ's decision. *See Foote*, 67 F.3d at 1560.

Claimant also argues that the ALJ erred by relying on the fact that Claimant did not have surgery. Doc. 17 at 21, 24. Claimant asserts that she saw a neurosurgeon who told Claimant that she was not a candidate for surgery and states in a conclusory manner that the ALJ erred by not developing the record to include the reason the neurosurgeon advised Claimant that she was not a surgical candidate. *Id.* at 24–25 (citing R. 633). In considering Claimant's testimony, the ALJ simply noted that "[t]he medical evidence does not indicate that spinal surgery has been recommended, nor has shoulder surgery." R. 19. That statement appears to be supported by substantial evidence. To the extent Claimant attempts to make an argument that the ALJ had a duty to develop the record and obtain additional information about the reason no surgery had occurred, that argument is unpersuasive and, regardless, perfunctorily made and therefore waived.

Finally, Claimant argues that the ALJ wrongly equated "light activities" (which Claimant's neurologist, Dr. Benzette, opined Claimant was capable of performing) with "light work" as defined by 20 C.F.R. §§ 404.1567(b) and 416.967(b). Doc. 17 at 21–22, 25. The Commissioner argues—and the Court agrees—that the ALJ considered the full context of Dr. Benzette's opinion before deciding that Claimant was limited to light work. Doc. 17 at 33. Indeed, in considering Dr. Benzette's opinion, the ALJ discussed Claimant's upper and lower extremity strength, muscle tone and bulk, sensation in the upper and lower extremities, gait and station, range of motion, and spasms and tenderness. R. 18. The ALJ stated, "Dr. Benzette noted that he would restrict the claimant to light activities with an allowance to change positions, and no lifting and carrying of heavy objects, particularly with her right upper extremity." *Id.* Claimant's argument is unpersuasive that the ALJ somehow erred by wrongly interpreting Dr. Benzette's statements that he would limit Claimant to "light activities" with the regulatory definition of "light work" as defined by 20 C.F.R. §§ 404.1567(b) and 416.967(b).

### IV. Conclusion

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**; and
2. The Clerk is directed to enter judgment for the Commissioner and against Claimant and close the case.

**ORDERED** in Orlando, Florida on July 13, 2020.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Stephen C. Calvarese
Administrative Law Judge
c/o Office of Hearings Operations
Bldg 400, Suite 400
8880 Freedom Crossing Trail
Jacksonville, FL 32256-1224

Copies furnished to:
Counsel of Record
Unrepresented Parties

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Stephen C. Calvarese
Administrative Law Judge
c/o Office of Hearings Operations
Bldg 400, Suite 400
8880 Freedom Crossing Trail
Jacksonville, FL 32256-1224